Loking-, J.,
dissenting:
The material facts are, that the claimants in a suit brought by them under the third section of the Act 12th March, 1863, recovered a judgment here on the 13th of April, 1868, for the net proceeds of fifty-two bales of ■ upland cotton, amounting to $9,904 44, which was certified to the Secretary of the Treasury, who then held, as he holds now, in his official keeping and control, the ample fund from which such judgments are pay *200 able. He refused to pay tlie whole judgment, because he thought the whole not due, and he retained from its amount the sum of $723 32. And this sum he still retains in his official keeping and control, as a part of the fund above specified, and as such as applicable to the judgment now sued upon as it ever was; and this'suit is brought for this sum, upon the statutes of February 24, 1855, and March 3, 1863, organizing this court.
Thepetitionin this case counts upon the former judgment. Its words are, “Wherefore your petitioners here aver that there is due them from the United States, on and by virtue of said judgment, the said sum of $723 32, for which amount they pray judgment.’7 And the question is whether on the judgment, or the facts shown that it was rendered, and that the Secretary refused to pay over the money claimed, a recovery can be had against the United States.
The United States were not liable to suit at all until the enactment of the statutes organizing this court, and they are liable to suit now only according to those statutes. And the United States can act only by their officers, and therefore their only mode of action is by laws enjoining duties on their officers and providing means for enforcing their obedience, or remedies for their disobedience ; and such being the only mode of legal action on the part of the United States, it is all that parties dealing with them can contemplate, or statutes intend.
At the former hearing of this cause the United States submitted themselves to litigation here on the whole claim, and to the judgment rendered on it, and certified to the Secretary of the Treasury, and they gave him the money due on the judgment, and, by the statute, ordered him to pay it to the petitioners. Tims judgment was rendered, execution issued, and the money due on it was paid by the debtor to the officer. At the common law this would have discharged the debtor from the debt, judgment, and execution, and left the creditor to his remedy against the officer. And it discharges the United States from further litigation here, because it fulfils all the provisions made for that, and accomplishes all the purposes of those provisions. For, that the money due on the judgment should be given by the United States to the Secretary of the Treasury, to be received from him by the petitioners, was the'intent, the requirement, and the consumma *201 tion of tbe statutes on wliicb tbe petitioners sued, and all they claimed or could claim under those statutes. Thus tbe United States have done all that they undertook to do by tbe statutes by which they submit themselves to litigation here. And the petitioners have received the benefit those statutes provide for them in the order on the Secretary, and the rights and remedies incident to it. And this exhausted their rights and our powers under the statutes limiting our jurisdiction.
And it is of no effect to say that judgments are contracts at the common law, and that contracts 'are within our jurisdiction; because a judgment here is a contract which, by the statute, the United States are to perform in one prescribed way; and that is by giving the money due on the judgment to the Secretary of the Treasury, and ordering him to pay it to the claimants ; and this the United States have done. And thus they have performed the contract made by the judgment, and all the requirements of the statutes prescribing proceedings here.
And the petitioners can get nothing better by this suit than that they have now ; for the Secretary of the Treasury still holds the money claimed in his official keeping and control, exactly as he held it when the judgment was presented to him. And the order on him to pay it over to the petitioners made by the statute is, like that; and by that, in as full force now as it ever was. And another judgment certified to the Secretary can add nothing to his duty or obligations, or to the rights and remedies of the petitioners. And all it could do would be to make two orders for the payment of the same sum ; and this would be mere surplusage. And the statutes do not prescribe or suggest it, and it is forbidden by the general rule of law which forbids that a party should be twice vexed for the same thing.
In this case the petitioners have obtained the judgment of this court for the money they claim, and by the statute an imperative order on the Secretary of the Treasury for its payment ; for, after the judgment was certified to him, neither he nor any successor of his had any discretion in relation to it, nor any power to revise or alter it. (United States v. Anderson, 9 Wal., 86.) And the judgment was not a matter that arose at the Treasury Department, or that was ever subject to its rules or regulations, or to any accounting there; so that the *202 payment of the money due on the judgment was a merely ministerial duty, enjoined on the Secretary by statute; and for his non-performance of it the petitioners are entitled to an action against him for damages, or, if that is an inadequate remedy, to a writ of mandamus. (Kendall v. Stokes, 12 Peters, 524 ; 3 How., 87.) In the first case the Postmaster General had been ordered by act of Congress to credit the relators with $161,-563 89 awarded to them. He credited them with $122,102 16 only, and refused to credit them further. On proceedings against him by petition in the Circuit Court of' this District a peremptory mandamus was ordered, commanding him forthwith to credit the relators with the full sum awarded them; and on appeal to the Supreme Court the judgment of the Circuit Court was affirmed, and it was held that the petitioners in the court below were entitled to an action for damages against the Postmaster General, but as that, in the circumstances, would be an inadequate remedy, they were entitled to a mandamus. And the result of the decision on those points is stated in the subsequent case, (3 How., 87,) in the opinion of the court, delivered by Chief Justice Taney, as follows : “ The court in that case, speaking of the nature and character of the proceeding by mandamus, which had been fully argued at the bar, said that it was an action or suit brought in a court of justice asserting a right, and prosecuted according to the forms of judicial proceeding, and that a party was entitled to it when there was no other remedy. And that, although in the case then before them the plaintiffs in the court below might have brought their action against the defendant for damages, on account of his refusal to give the credit directed by the act of Congress, yet, as that remedy might not be adequate to afford redress, they were, as a matter of right, entitled to pursue the remedy by mandamus.”
These points decided in the cases cited, and thus authoritatively stated by Chief Justice Taney, have been admitted and. confirmed, but neither qualified nor questioned in subsequent decisions of the Supreme Court. The petitioners’ remedies, therefore, would seem to be ample and plain, but not here.
And I think the case shows that there has been no default on the part of the United States, and therefore that there are no grounds*on which this court can render a judgment against them. The case shown is that the United States have given the *203 money claimed to tlie Secretary and ordered Mm to pay it to the petitioners. And as they can act only by their officers, this is all they could do in the premises. And on the evidence the money claimed is not, as a matter of fact or to any legal effect, withheld from the petitioners by the act of the United States, or by their authority, but by the unlawful action of the Secretary, and in despite of their authority.
And the petition does not allege any default on the part of the United States; it does not suggest that they deny the right of the petitioners to the money claimed, or the validity of the judgment. On the contrary, it shows that the United States have ordered the money and judgment to be paid; and its only ground of complaint is that the Secretary has refused to perform a duty enjoined on him by statute. Then that is in him an offence against the statute and a violation of law. And the United States are not liable for the violations of law of their officers. This rule is founded on public policy, and admits of no exception. And the statement of the case brings it directly within the rule; for the petition sets forth that the Secretary refused to pay the money claimed, “ in violation of law.”
I think the petition should be dismissed.